## WIDOW'S EXEMPTION FROM LEVY AND SALE.

Common Pleas Court of Knox County.

Eva Ransom v. Mrs. Charles Stevens.

Decided, December 13, 1918.

*Exemption—Widow Entitled to Exemption in Personalty Regardless of Dependents—Construction of Section 11738 as now Punctuated.*

Under Section 11738, General Code, "every widow" who is a resident of Ohio, and not the owner of a homestead, is entitled to hold exempt from levy and sale, personal or real property selected by her, her agent or attorney, before sale, not exceeding $500 in value, whether she has the care, maintenance and custody of a minor child or children of a deceased relative or not.

*Harry W. Koons*, for plaintiff in error.
*F. O. Levering*, contra.

BLAIR, J.

This cause comes into this court upon a petition in error and bill of exceptions from the court of George S. Harter, a justice of the peace of Clinton township, this county.

The question presented for decision is whether the plaintiff in error, Eva Ransom, is entitled to an exemption in lieu of a homestead, under Section 11738, General Code. She is a widow, a resident of this county and state, and is not the owner of a homestead, but she has not the care, maintenance and custody of any minor child or children of a deceased relative.

A similar question has twice been before the circuit court of Hamilton county, with different results. In 1898, in the case of *Wentzel* v. *Hayes,* 16 C. C., 110, that court held that a widow was entitled to claim and hold such exemption, although she did not have the care, maintenance and custody of any minor child or children of a deceased relative. That decision seems to have been in accord with other Ohio decisions, and I believe was then generally accepted as the law. However, in a later case, that of *Brown* v. *Parham,* decided in 1903, the same court (differently constituted) held that a widow who had not the care, maintenance and custody of a minor child or children of a deceased relative, *was not entitled to such exemption.* See *Brown* v. *Parham,* 1 C.C.(N.S.), 602; affirmed without opinion, 71 Ohio St., 571. In this latter case, the court in construing this statute, seems to have based its conclusions upon the punctuation of the statute. As then punctuated, there was no comma after the word "widow," and the court said:

"In this section as now punctuated, the words 'having in good faith the care, maintenance and custody of any minor child or children of a deceased relative' qualify the word 'widow,' as well as the words 'unmarried female,' and a widow not having the care of such child can not hold property exempt under this section."

Within a few months after the decision in this case, the Legislature amended and re-enacted this section, punctuating it differently, and as thus re-enacted, it has been codified and carried into the General Code as Section 11738. As now punctuated, it reads as follows:

"Husband and wife living together, a widower living with an unmarried daughter or minor son, every widow, and every unmarried female having in good faith the care, maintenance and custody of a minor child or children of a deceased relative, resident of this state, and not the owner of a homestead, in lieu thereof, may hold exempt from levy and sale, real or personal property," etc.

It seems to me that this section as now punctuated gives the exemption to four different classes of persons: (1) "Husband and wife living together;" (2) "a widower living with an unmarried daughter or minor son;" (3) "every widow," and (4) "every unmarried female having in good faith the care, maintenance and custody of a minor child or children of a deceased relative." In its present form, it seems to me that the phrase "having in good faith the care, maintenance and custody of a minor child or children of a deceased relative," no more modifies "widow" than it does "husband and wife" or "widower," and that it would be as reasonable to say that only such "husband and wife living together" who have the care, maintenance and custody of a minor child or children of a deceased relative, are entitled to such exemption, as it would be to say that only such widow as has the care and custody of such child is entitled to such exemption.

It is my judgment that this section gives the exemption to "every widow," whether she has the care and custody of such minor or not, and that the court below erred in overruling the application of the widow for this exemption.

An entry may be placed upon the journal of this court in accordance with the above finding, reversing the judgment of the justice and sustaining the motion of plaintiff in error for the allowance of such exemption.